IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TRAMISHA U. MULLINGS, \*
Individually and as \*
Administrator of the Estate of \*
Treasey Lee Wingo; TREMAINE J. \*
MULLINGS; J.J.J.H., a Minor \*
Child by TRAMISHA U. MULLINGS, \*
His Next Friend, \*
\*
Plaintiffs, \*
\*
v. \* CV 118-103
\*
MINNESOTA LIFE INSURANCE \*
COMPANY, \*
\*
Defendant. \*

# O R D E R

Before the Court is the Parties' joint motion for leave to file under seal. (Doc. 10.) Because a plaintiff in this action is a minor, the Court must approve the confidential settlement agreement (the "Settlement") reached by the Parties. See LR 17.1, SDGa. The Parties request that "all the documents required by Local Rule 17.1, to wit: a copy of the settlement agreement, a petition of the minor child's guardian, and an attorney's statement" be sealed. (Mot. to Seal, Doc. 10, at 3.)

As noted by the Parties, "There is a common-law presumption that judicial records are public documents." Hesed El v. Poff, No. CV 118-079, 2018 WL 4688720, at \*2 (S.D. Ga. Sept. 29, 2018)

(citation omitted); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citation and quotation marks omitted). Although there is no right of access with private settlement agreements, because the Court must review the Settlement, it is a public record and subject to the presumption of public access. Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *1 (M.D. Ga. Dec. 23, 2011); see Jessup v. Luther, 277 F.3d 926, 927-28 (7th Cir. 2002).

In deciding whether to seal documents, courts "should weigh the interests protected by the presumption of openness, namely judicial transparency . . . and the first-amendment values of freedom of speech and of the press, against the parties' interest in secrecy." Eigenberger v. Tokyo Statesboro GA, LLC, No. CV 617-160, 2018 WL 2065942, at *2 (S.D. Ga. May 3, 2018). In some cases "involving . . . the privacy of [minors], . . . the interest in secrecy is compelling." Eigenberger, 2018 WL 2065942, at *2 (internal citation and quotation marks omitted); see Clark v. Bamberger, No. 1:12CV1122-MHT (WO), 2016 WL 1183180, at *2 (M.D.

2

Ala. Mar. 28, 2016) (Protecting a minor's privacy is "undoubtedly an important concern."). To weigh in favor of keeping information about minors secret, the information must be more than the amount of money received in a settlement. Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 n.4 (11th Cir. 1985) ("[T]he payment of money to an injured party is simply not a compelling government interest . . . entitled to consideration in deciding whether or not to seal a record."); Clark, 2016 WL 1183180, at *3. For example, a minor's interest in privacy is more compelling when the documents would "expose confidential educational, medical, or mental-health information." Clark, 2016 WL 1183180, at *3.

The Court acknowledges that naming the minor's family members may make the minor identifiable even with using initials as required by Federal Rule of Civil Procedure 5.2. "However, as the [P]arties have not shown that the documents would expose anything confidential under law or embarrassing about the [minor], the [C]ourt finds the use of initials sufficient to protect the [minor]'s privacy in this circumstance." Id. Additionally, neither the confidentiality clause in the Settlement nor the fact that the Parties agreed that the Settlement should be sealed is a compelling reason to grant the motion. See Eigenberer, 2018 WL

2065942, at *2 ("[T]he [c]ourt needs far more than the parties' agreement that the settlement agreement should be sealed.").[1]

For the foregoing reasons, the motion to seal (Doc. 10) is **DENIED**. The Parties may move forward with settling the case by filing on the public docket a motion for approval of the settlement agreement with the Settlement and attachments appended. Should the Parties wish to withdraw from the Settlement as a consequence of this decision, they shall file a joint statement to that effect.[2]

**ORDER ENTERED** at Augusta, Georgia, this 7th day of February, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Parties also argue that the documents should be sealed because "[t]here is a strong local interest in this case. News reporters have contacted [P]laintiffs' attorneys on multiple occasions inquiring into the facts of this litigation." (Mot. to Seal, ¶ 8.) This reasoning weighs in favor of not sealing because, as mentioned above, values of free speech and of the press are weighed against the Parties' interest in secrecy.

[2] Per Local Rule 79.7(c), the Court **DIRECTS** the Clerk to return the documents received from Attorney Jeffrey Peil. (See Docket, Feb. 4, 2019.)

4